Daniel, Pemberton,
Scott & Scott, PLLP
9539 Kingston Pike
Knoxville, TN 37922
(865) 531-3000

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

FILED
DEC 16 2009
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

| | |
|---|---|
| JERRY DUNCAN and wife, JUDY DUNCAN, | ) ) ) |
| Petitioners, | ) ) |
| v. | ) Case Number: 3:09-CV-566 |
| TENNESSEE VALLEY AUTHORITY, | ) ) ) |
| Defendant. | ) |

## COMPLAINT

Come now the Plaintiffs by and through counsel, to state the allegations against the Defendant as follows:

### STATEMENT OF THE CASE

1.  Jerry and Judy Duncan reside at 115 Windsor Pointe, Kingston, TN 37763.

2.  The Defendant, Tennessee Valley Authority, may be served at 400 West Summit Hill Drive, Knoxville, TN 37902-1499 through its General Counsel, Maureen Dunn.

3.  The named Plaintiffs bring this suit against the Tennessee Valley Authority ("TVA") for negligence, nuisance, trespass and inverse condemnation caused by a release of sludge, slurry and debris from the TVA coal ask storage containment facility at its Kingston Electric Generating facility (also referred to as the "Kingston Steam Plant"), in Roane County, Tennessee. The TVA plant that is the subject of this case has discharged over one billion gallons of coal sludge into the environment. The discharge of coal sludge has caused direct and substantial damages to the Plaintiffs.

1

Daniel, Pemberton,
Scott & Scott, PLLP
9539 Kingston Pike
Knoxville, TN 37922
(865) 531-3000

4. The Kingston Steam Plant uses coal to produce electricity through coal fired generators. The plant employs nine coal burning units that consume approximately 14,000 tons of coal daily. When the coal is combusted a residue known as fly ash is created. This ash is stored in wet ponds which are collectively referred to as the plant's containment facility. The wet fly ash build up is called sludge. Coal sludge mixed with water becomes slurry.

5. The sludge from the TVA's Kingston Fossil Plant was stored in a 40-acre containment facility. The major component of the containment facility is a dike which served as the last line of defense in keeping the sludge contained and separated from the fresh waters of the Emory and Clinch Rivers located downstream of the Kingston Steam Plant.

Internal memos dating back to 1985 are critical of the storage method in use at this location putting TVA on notice of this hazardous and reckless condition. Ultimately, TVA failed to heed 20 years of numerous warnings of the hazardous conditions that threatened the safety of the Roane County East Tennessee Community regarding the reckless method of storage. Ultimately, the agency even went so far as to allow its attorneys to manipulate a three million dollar ($3,000,000) study in regards to the cause of this ash spill in an attempt to cover up and/or avoid liability. The parties JERRY DUNCAN and wife, JUDY DUNCAN, own property located at Lot 36 Clinchcrest Drive, River Oaks Subdivision, Kingston, Tennessee. This property is further more unique and more valuable upon information and belief it was listed for sale in an amount in excess of Three Hundred Eighty-Five Thousand Dollars ($385,000,000).

6. The coal sludge the TVA released on the Plaintiffs' property was created from wet, compacted ash from burnt coal that had accumulated over many years. The 40-acre

2

Daniel, Pemberton,
Scott & Scott, PLLP
9539 Kingston Pike
Knoxville, TN 37922
(865) 531-3000

sludge containment dike that broke released 5.4 million cubic yards of sludge and slurry over hundreds of acres of land and impacted millions of acres of surrounding land along with the waterways downstream of the Kingston Steam Plant including Watts Bar Reservoir.

7. The discharge from the TVA's coal ash storage facility contains toxic substances, including toxic "heavy" metals, as well as arsenic, thallium, lead, cadmium, mercury, selenium, boron, barium, cobalt and molybdenum. The sludge has contaminated the Plaintiffs' property.

8. The Plaintiffs seek damages from the TVA for placement of the sludge and slurry on and around their real and personal property, and for the TVA's failure to remove coal ash sludge from Plaintiffs' property and from surface waters and lands adjoining their property. The Plaintiffs also seek compensation for the permanent nature of the injury to their property.

9. The TVA's actions have created a private nuisance that has damaged the Plaintiff's property and created environmental problems that will continue to harm the Plaintiffs and their family members for the foreseeable future.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action in accordance with **28 U.S.C. § 1331** which grants federal subject matter jurisdiction over all suits against TVA.

11. The United States Congress has established that TVA may sue or be sued in its own corporate name. **TVA Act, 16 U.S.C. § 831c**.

12. Venue is proper pursuant to **28 U.S.C. § 1391(e)** in that substantial part of the events or omissions giving rise to the claim occurred in the Northern Division of the Eastern

District of Tennessee, and because the property that is the subject of this action is situated in the Northern Division of the Eastern District of Tennessee.

## PARTIES

13.  Plaintiffs Jerry Duncan, and wife, Judy Duncan, own property located on Clinchcrest Drive, Kingston, Tennessee, near the coal ash discharge from defendant the TVA's Kingston Steam Plant.

14.  Defendant TVA is a corporation created by federal law and wholly owned by the United States, with the statutory capacity to sue and be sued, with its principal place of business located in Knoxville, Tennessee. At all times relevant to this action, the TVA has owned and commercially operated the Kingston Electric Generating Plant.

## FACTUAL ALLEGATIONS

15.  Defendant TVA owns and operates a facility referred to by the TVA as the Kingston Fossil Plant (also referred to as the "Kingston Steam Plant"), which is a coal burning electric generating facility located along the banks of the Emory River and Clinch River in Roane County, Tennessee. The Emory and Clinch Rivers combine to form the Watts Bar Reservoir which is also near the Kingston Steam Plant.

16.  The combustion of coal at the Kingston Steam Plant has generated coal ash since the plant began operating in the 1950s, which has been stored in an approximately forty (40) acre above-ground coal ash storage facility.

17.  The above-ground wet storage impoundment consisted of a main ash pond, a stilling pond, and various dredge cells, all retained by a sixty (60) foot high containment

Daniel, Pemberton,
Scott & Scott, PLLP
9539 Kingston Pike
Knoxville, TN 37922
(865) 531-3000

dike. Coal ash can be stored safely and responsibly but that was not the case with the containment facility at the Kingston Steam Plant.

18. Defendant TVA's 2007 Toxic Release Inventory for the Kingston Steam Plant shows that in just one year, the plant dumped the following quantities of metals contained in coal ash in its coal ash impoundment: about 45,000 pounds of arsenic, 86,000 pounds of chromium, 129,000 pounds of copper, 49,000 pounds of lead, 235 pounds of mercury, 72,000 pounds of nickel, 8,000 pounds of selenium, and 115,000 pounds of zinc.

19. On December, 22, 2008, the containment dike for coal dust sludge failed and/or collapsed resulting in the discharge of a tidal wave of over one billion gallons of sludge and contaminated water into the Emory River which flowed downstream and covered approximately four hundred (400) acres of land in four (4) to six (6) feet of sludge. The release of sludge flooded the Plaintiffs properties.

20. The tidal wave of sludge and contaminated water from the failure and/or collapse of the containment dike caused a massive fish kill, polluted other surface waters and sediments, and contaminated the property of the Plaintiffs.

21. The sludge discharge and contaminated water release violated numerous federal and state environmental laws and created conditions harmful to human health and the environment. The discharge was foreseeable and avoidable.

22. Coal ash contains toxic compounds, including, but not limited to, toxic metals, such as arsenic, thallium, antimony, lead, cadmium, mercury, nickel, selenium, boron, barium cobalt, zinc, copper, and molybdenum.

23. Arsenic has been designated by the United States Environmental Protection Agency ("EPA") as a Class A human carcinogen, based on increased lung cancer mortality

5

Daniel, Pemberton,
Scott & Scott, PLLP
9539 Kingston Pike
Knoxville, TN 37922
(865) 531-3000

for people exposed through inhalation, and a known cause of cancer in populations consuming drinking water high in inorganic arsenic. The EPA has found high levels of arsenic in the water and sediment from the coal ash release.

24. TVA knew or should have known that the containment dike for the coal ash impoundment at the Kingston Steam Plant was likely to fail. The dike, which was constructed predominantly with coal ash sludge, was unlined, was a source of various leaks, and was a reoccurring problem since the 1980s. For well over two decades, the coal ash containment facility was fraught with recurring containment failures and other problems, of which TVA was on notice.

25. Defendant TVA failed and refused to take reasonable and appropriate action to remedy these leaks and other problems and thereby prevent the catastrophic failure which occurred on December 22, 2008.

## CLAIMS

### COUNT ONE - NEGLIGENCE

26. Paragraphs 1 through 24 of this Complaint are hereby re-alleged and incorporated by reference herein.

27. At all times relevant hereto, Defendant TVA had a duty to construct, operate and maintain the coal ash impoundment and the dredge cells at the Kingston Steam Plant in such a manner as to prevent the release of coal ash sludge and contaminated water into the Emory River and onto surrounding property of Plaintiffs.

28. Defendant TVA breached its duty of care by constructing, operating and maintaining the containment dike for the dredge cell impoundment at the Kingston Steam

6

Daniel, Pemberton,
Scott & Scott, PLLP
9539 Kingston Pike
Knoxville, TN 37922
(865) 531-3000

Plant in such a manner as to negligently cause, permit, and/or allow the containment dike to fail and/or collapse resulting in the massive discharge of coal ash and contaminated water onto the property of Plaintiffs.

29. Defendant TVA breached its duty of care by failing to take timely, adequate, reasonable or sufficient measures to prevent the failure and/or collapse of the containment dike at the Kingston Steam Plant which resulted in the massive discharge of coal ash and contaminated water onto the property of Plaintiffs through a spill of coal ash sludge and slurry that was larger in size than the Exxon Valdez Oil Spill of 1989.

30. Defendant TVA failed to exercise due care in order to prevent the containment dike for the coal ash dredge cell impoundment at the Kingston Steam Plant from failure or collapse resulting in the massive discharge of coal ash and contaminated water onto the property of Plaintiffs.

31. Defendant TVA knew or should have known that its construction, operation and maintenance of the containment dike of the dredge cell impoundment at the Kingston Steam Plant would result in failure and/or collapse of the retention walls resulting in the massive discharge of coal ash and contaminated water onto the property of Plaintiffs.

32. The TVA had actual notice of the seriousness of the potential problem with the retaining dike yet chose to take little or no action to prevent the ultimate collapse that occurred on December 22, 2008.

33. Defendant TVA's negligent acts and/or omissions described above proximately caused and continue to proximately cause damage to Plaintiffs in the form of real and personal property damage, economic loss, out of pocket expenses, loss of quality of life, aggravation and inconvenience, and the creation of conditions that are harmful to human

health and the environment, for which the TVA is liable in damages. To compound the problem, the TVA has failed and refused to warn the Plaintiffs of the damage to the ecosystem surrounding their land and the dangers posed to them by the chemicals and pollutants released in and around the Plaintiffs' land.

34. TVA acted contrary to the Agency's own Environmental Policy.

35. Upon information and belief after the spill occurred TVA engaged in misrepresentation to limit liability of the agency by attempted concealment of a report regarding the matter.

## COUNT TWO – NEGLIGENCE PER SE

36. Paragraphs 1 through 32 of this Complaint are hereby re-alleged and incorporated by reference herein.

37. The air, water and land adjoining the Plaintiffs' property, as well as the Plaintiffs' property, have been damaged by the TVA's release of coal ash sludge and slurry. The water line along the property owned by the Wallace family that was once a source of beauty is now a harbor for oily, gray water polluted with arsenic, lead, copper and other compounds. In addition to the initial discharge of coal ash, in rains following the first contamination, more contaminants are released into the environment including the Plaintiffs' home sites.

38. The Federal Clean Water Act ("CWA"), 33 U.S.C. §§ 1251, *et seq.*, the Federal Resource Conservation and Recovery Act ("RCRA"), §§ 42 U.S.C. §§ 6901, *et seq.*, the Tennessee Solid Waste Disposal Act ("TSWDA"), Tenn. Code Ann. §§ 68-211-101, *et seq.*, and the Tennessee Water Quality Control Act ("TWQCA"), Tenn. Code Ann. §§ 69-3-101, *et seq.*, were each enacted to protect the environment and citizens such as the

*Daniel, Pemberton, Scott & Scott, PLLP*
*9539 Kingston Pike*
*Knoxville, TN 37922*
*(865) 531-3000*

Daniel, Pemberton,
Scott & Scott, PLLP
9539 Kingston Pike
Knoxville, TN 37922
(865) 531-3000

Plaintiffs who are impacted and damaged as a result of the Defendant's failure to adhere to the law.

39. The damages to Plaintiffs and their properties and the nearby environment are of the types that are prohibited by the CWA, RCRA, TSDWA and TWQCA.

40. Due to the massive discharge of coal ash sludge and contaminated water from the Kingston Steam Plant, Defendant TVA has violated the provisions of the CWA, including but not limited to § 301(a), 33 U.S.C. § 1311(a), § 402, 33 U.S.C. § 1342, and § 404, 33 U.S.C. § 1344.

41. Due to its massive discharge of coal ash sludge and contaminated water from the Kingston Steam Plant, Defendant TVA has violated the provisions of RCRA, including but not limited to § 4005, 42 U.S.C. § 6945 and § 7002(a)(1)(B), 42. U.S.C. § 6972(a)(1)(B).

42. The massive discharge of coal ash sludge and contaminated water from the Kingston Steam Plant, violated the provisions of the TSWDA, including but not limited to Tenn. Code Ann. § 68-211-104.

43. Through its massive discharge of coal ash from the Kingston Steam Plant, Defendant TVA has violated the provisions of the TWQCA, and the regulations promulgated thereunder, including but not limited to Tenn. Code Ann. § 69-3-108(b) and Tenn. Code Ann. § 69-3-1134(a).

44. These violations of the CWA, RCRA, TSWDA and TWCA constitute negligence per se on the part of the Defendant TVA.

45. Defendant TVA's violations of these statutes, described above, have proximately caused and continue to proximately cause damage to Plaintiffs in the form of real and personal property damage, loss of enjoyment of the Plaintiffs' real property, out of

Daniel, Pemberton,
Scott & Scott, PLLP
9539 Kingston Pike
Knoxville, TN 37922
(865) 531-3000

pocket expenses, impaired quality of life, aggravation and inconvenience, the creation of conditions that are harmful to human health and the environment, and the loss of recreational use of their land, for which TVA is liable for damages.

## COUNT THREE – GROSS NEGLIGENCE

46. Paragraphs 1 through 42 of this Complaint are hereby re-alleged and incorporated by reference herein.

47. Defendant TVA's acts and/or omissions in the construction, operation and maintenance of the retention dike for the dredge cell impoundment at the Kingston Steam Plant, and the resulting massive discharge of coal ash sludge and contaminated water into the environment and onto the property of Plaintiffs were done without concern for the safety of others.

48. Defendant TVA's acts and/or omissions in the construction, operation and maintenance of the coal ash impoundment at the Kingston Steam Plant, and the resulting massive discharge of coal ash sludge and contaminated water into the environment and onto the property of Plaintiffs were done with a reckless disregard for the rights of the Plaintiffs such that a conscious indifference to the consequences should be implied.

49. These acts and/or omissions of Defendant TVA are intentional, willful, wanton, reckless, illegal, or were done with conscious and deliberate disregard for the property, safety, and rights of the Plaintiffs.

50. As a result of these acts and omissions of Defendant TVA, the Plaintiffs are entitled to exemplary damages.

Daniel, Pemberton,
Scott & Scott, PLLP
9539 Kingston Pike
Knoxville, TN 37922
(865) 531-3000

## COUNT FOUR - TRESPASS

51. Paragraphs 1 through 47 of this Complaint are hereby re-alleged and incorporated by reference herein.

52. Defendant TVA has committed intentional acts and/or omissions that have caused and are causing coal ash sludge and slurry, along with toxic metals and other pollutants to enter onto the property of the Plaintiffs without their permission. This deliberate invasion and contamination constitutes a trespass.

53. Defendant TVA's trespass has caused and is causing damage to Plaintiffs in the form of real and personal property damage, out of pocket expenses, loss of quality of life, aggravation and inconvenience, and the creation of conditions that are harmful to human health and the environment, for which TVA is liable in damages.

## COUNT FIVE - NUISANCE

54. Paragraphs 1 through 50 of this Complaint are hereby re-alleged and incorporated by reference herein.

55. Defendant TVA's acts and/or omissions in its construction, operation, and maintenance of the coal ash impoundment at the Kingston Steam Plant have created a private nuisance to the Plaintiffs.

56. Defendant TVA's acts and/or omissions that have caused and are causing coal ash sludge, slurry, toxic metals and other pollutants to enter onto the property of the Plaintiffs constitute a private nuisance, in that Defendant TVA's acts and/or omissions have caused a substantial and unreasonable interference with Plaintiffs' use and enjoyment of their property.

11

57. Defendant TVA's unreasonable interference with the use and enjoyment by Plaintiffs of their property has caused and will cause damage to Plaintiffs in the form of real and personal property damage, out of pocket expenses, loss of quality of life, aggravation and inconvenience, and the creation of conditions that are harmful to human health and the environment, for which TVA is liable in damages.

## COUNT SIX – STRICT LIABILITY

58. Paragraphs 1 through 54 of this Complaint are hereby re-alleged and incorporated by reference herein.

59. Defendant TVA has engaged in an ultra hazardous and abnormally dangerous activity by discharging coal ash sludge and contaminated water containing toxic metals and other pollutants into the Emory River and its embayment and onto the property of Plaintiffs.

60. Defendant TVA is strictly liable for all damages resulting from its acts including real and personal property damage, economic and business loss, out of pocket expenses, loss of quality of life, aggravation and inconvenience, and the creation of conditions that are harmful to human health and the environment.

## COUNT SEVEN – INVERSE CONDEMNATION

61. Paragraphs 1 through 57 of this Complaint are hereby re-alleged and incorporated by reference herein.

62. Defendant TVA has been granted the power to exercise the right of eminent domain in the name of the United State of America.

63. The Plaintiffs hold legal title to property which has been taken and/or injured by Defendant TVA's discharge of coal ash slurry, sludge and contaminated water onto the property of Plaintiffs.

*Daniel, Pemberton,
Scott & Scott, PLLP*
*9539 Kingston Pike*
*Knoxville, TN 37922*
*(865) 531-3000*

64. The TVA's acts and/or omissions in causing the massive discharge of coal ash and contaminated water onto the property of Plaintiffs amounts to such as interference with and/or invasion of Plaintiffs property rights as to amount to a compensable taking.

65. The Plaintiffs property has been taken and/or injured by Defendant TVA in the exercise of its government powers without just compensation in violation of the Fifth Amendment to the United States Constitution.

66. Defendant TVA is liable for just compensation to the Plaintiffs for damages to Plaintiffs' property.

## OPT OUT

67. Plaintiffs' damages are unique and distinguishable from all other lawsuits filed in this matter insofar as their property was listed for actual sale. Therefore, Plaintiffs should be entitled to opt out of any class actions so filed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant TVA as follows:

a. Award Plaintiffs compensatory damages in any amount fair not to exceed Six Hundred Thousand Dollars ($600,000.00) and sufficient to compensate the Plaintiffs for all real and personal property damage, economic loss, out of pocket expenses, loss of use of property, loss of quality of life, and aggravation and inconvenience.;
b. An award to Plaintiffs in the amount sufficient to compensate them for the emotional distress caused by TVA's negligence;
c. An award to Plaintiffs to exemplary or punitive damages in an amount sufficient to punish TVA for its gross negligence and to deter future gross conduct, not to exceed One Million Dollars ($1,000,000.00);
d. An order directing the TVA to completely remediate the coal ash contamination from the property of the Plaintiffs, and from lands, sediments, and waters surrounding their property;
e. An award Plaintiffs post-judgment interest, costs, and reasonable attorney's fees as applicable; and
f. Order such other further relief as the Court may deem just and proper.

Daniel, Pemberton,
Scott & Scott, PLLP
9539 Kingston Pike
Knoxville, TN 37922
(865) 531-3000

**A JURY TRIAL IS REQUESTED AS TO ALL ISSUES SO TRIABLE TO A JURY IN THIS CASE**

*DANIEL, PEMBERTON, SCOTT & SCOTT, PLLP*

By: _____
JAMES K. SCOTT, Esq.
BPR No. 016893
Attorney for Plaintiffs
9539 Kingston Pike
Knoxville, TN 37922
(865) 531-3000

Daniel, Pemberton,
Scott & Scott, PLLP
9539 Kingston Pike
Knoxville, TN 37922
(865) 531-3000

14