UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| IN RE: | ) | 3:09-CV-009 | 3:09-CV-568 | 3:09-CV-604 |
|---|---|---|---|---|
| | ) | 3:09-CV-014 | 3:09-CV-569 | 3:09-CV-605 |
| | ) | 3:09-CV-048 | 3:09-CV-570 | 3:10-CV-191 |
| | ) | 3:09-CV-054 | 3:09-CV-571 | 3:11-CV-217 |
| TENNESSEE VALLEY AUTHORITY | ) | 3:09-CV-064 | 3:09-CV-572 | 3:11-CV-489 |
| ASH SPILL LITIGATION | ) | 3:09-CV-114 | 3:09-CV-578 | 3:11-CV-574 |
| | ) | 3:09-CV-491 | 3:09-CV-579 | 3:11-CV-575 |
| | ) | 3:09-CV-495 | 3:09-CV-582 | 3:11-CV-581 |
| | ) | 3:09-CV-496 | 3:09-CV-583 | 3:11-CV-582 |
| | ) | 3:09-CV-497 | 3:09-CV-584 | 3:11-CV-588 |
| | ) | 3:09-CV-504 | 3:09-CV-589 | 3:11-CV-589 |
| | ) | 3:09-CV-517 | 3:09-CV-590 | 3:11-CV-590 |
| | ) | 3:09-CV-529 | 3:09-CV-591 | 3:11-CV-591 |
| | ) | 3:09-CV-550 | 3:09-CV-592 | 3:11-CV-596 |
| | ) | 3:09-CV-553 | 3:09-CV-593 | 3:11-CV-603 |
| | ) | 3:09-CV-554 | 3:09-CV-594 | 3:11-CV-604 |
| | ) | 3:09-CV-555 | 3:09-CV-595 | 3:11-CV-605 |
| | ) | 3:09-CV-563 | 3:09-CV-596 | 3:11-CV-606 |
| | ) | 3:09-CV-564 | 3:09-CV-597 | 3:11-CV-607 |
| | ) | 3:09-CV-565 | 3:09-CV-602 | 3:11-CV-612 |
| | ) | 3:09-CV-566 | 3:09-CV-603 | 3:11-CV-613 |
| | ) | | | (VARLAN/GUYTON) |

**ORDER DISMISSING ALL CLAIMS OF ALL PLAINTIFFS
WITH PREJUDICE AND IMPLEMENTING CERTAIN OTHER
TERMS OF MEDIATED GLOBAL RESOLUTION**

These sixty-three civil actions pending against the Tennessee Valley Authority ("TVA"), arise from the December 22, 2008 ash spill at TVA's Kingston Fossil Plant in Roane County, Tennessee; collectively, these actions often are referred to as the Tennessee Valley Authority Ash Spill Litigation. On November 20, 2012, the Court issued an Order referring these actions to mediation, and in July 2014, plaintiffs and TVA, reached a mediated Global Resolution of these cases under the guidance of the Court-appointed mediators.

To effectuate the mediated global resolution, all plaintiffs and TVA filed a Joint Motion for an Order Dismissing all Claims of all Plaintiffs With Prejudice and Implementing Certain Other Terms of Mediated Global Resolution, with an attached proposed order.[1]

The Court, having reviewed the records in these cases, the pending joint motion of plaintiffs and TVA, and the proposed order attached to that joint motion, and finding that the joint motion is well taken and should be granted, it is hereby **ORDERED**:

1. All remaining claims of all plaintiffs in the above-captioned actions are dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) with no costs, fees, or expenses to be claimed by any party pursuant to Federal Rule of Civil Procedure 54.

2. TVA is authorized and directed to deposit $27,800,000.00 with the Clerk of the Court within seven days of the entry of this Order to be disbursed by the Clerk as ordered by the Court.

3. Upon receipt of the $27,800,000.00 from TVA, the Clerk is authorized and directed to disburse $25,500,000.00 to counsel for plaintiffs for the purpose of making payments in accordance with the July 9, 2014 Global Resolution Term Sheet agreed to by the parties as part of the Mediated Global Resolution. Counsel for plaintiffs shall provide the Clerk with the Federal Employer Identification Number of all payees listed below prior to any disbursement. The disbursements to counsel for plaintiffs shall be made as follows:

    a. Friedman, Dazzio, Zulanas & Bowling, P.C.        $2,676,915.68

    b. Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.    $5,347,497.46

    c. Bunstine, Watson & Becker                        $158,162.04

    d. Lieff Cabraser Heimann & Bernstein, LLP          $10,060,418.54

---

[1] The Court has made some stylistic edits to the proposed order.

|   |   |   |
|---|---|---|
| e. | Ridenour & Ridenour | $1,261,432.05 |
| f. | Pemberton & Scott, LLP | $1,433,417.05 |
| g. | Villari, Brandes & Giannone, P.C. | $2,025,716.79 |
| h. | Sherif Guindi, Esq. | $529,127.25 |
| i. | Weitz & Luxenberg, P.C. | $2,007,313.14 |

4. The Clerk shall retain the remaining $2,300,000.00 subject to further disbursement orders of the Court.

5. The Court retains continuing jurisdiction of these cases for the limited purpose of authorizing the Clerk to make further disbursements of the monies deposited by TVA and to take actions necessary for the interpretation, construction, execution, and enforcement of the Mediated Global Resolution.

6. For purposes of making all filings relating to the Court's continuing jurisdiction and further disbursements of the monies deposited by TVA, all plaintiffs designate attorneys Jeff Friedman and Matt Conn as their authorized representatives and TVA designates Deputy General Counsel Edwin W. Small as its authorized representative. All such filings shall be made in *Blanchard et al., v. Tennessee Valley Authority*, Case No. 3:09-CV-09, the earliest filed of these actions and shall be deemed as filed in all sixty-three actions.

7. The Clerk shall enter this Order as a separate final judgment pursuant to Federal Rule of Civil Procedure 58 in each of the captioned actions, after which the Clerk shall **CLOSE** these actions.

ENTER:

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

ENTERED AS A JUDGMENT
s/ Debra C. Poplin
CLERK OF COURT